# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:13CV-P129-M

**WAYNE EDWARD HOWARD** *et al.*                                    **PLAINTIFFS**

**v.**

**DAVID OSBORNE** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiffs Wayne Edward Howard and Christopher A. Schenk jointly filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action.

### I.

Plaintiffs are convicted inmates at the Daviess County Detention Center (DCDC). They sue David Osborne,[1] the jailer of DCDC, in his individual and official capacities and the Kentucky Department of Corrections (KDOC). According to the complaint, Plaintiff Howard is a Level 1 community custody inmate and has been "refused the opportunity to work or earn work credit good time while other similarly situated inmates who have same custody level are allowed." He states that this is a violation of the Equal Protection Clause because Defendants are treating similarly situated inmates differently.

Additionally, Plaintiffs contend that they have both been denied access to legal materials while confined at DCDC. They state that this is a violation of due process. They also report that DCDC "has no legal library to assist inmates in any legal proceedings including this lawsuit."

---

[1] Plaintiffs spelled Defendant's last name as "Osbourne." The Court takes judicial notice that the Daviess County Jailer spells his last name "Osborne."

Plaintiffs further state that "Defendants regularly allow overcrowding in the [DCDC] forcing both County and State inmates on the floor without any elevation other than a thin matt. Also State and County inmates are housed together."

As relief, Plaintiffs seek compensatory and punitive damages, injunctive relief, and payment of their fees and costs.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

### *Work and good-time credits*

Plaintiff Howard contends that he was denied the opportunity to work and to earn good-time credit in violation of the Equal Protection Clause. The Fourteenth Amendment's Equal

2

Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "In order to state an equal protection claim, a plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class or that the state infringed upon a fundamental right." *Coleman v. Martin*, 363 F. Supp. 2d 894, 902 (E.D. Mich. 2005) (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Plaintiff Howard fails to specify his race or any other characteristic that would implicate an equal protection violation. Nor can he establish that the state infringed on a fundamental right because a prisoner does not have a constitutional right to prison employment. *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs). Likewise, "[a] Kentucky inmate 'possesses no inherent constitutional right . . . to accumulate good time credits.'" *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). As such, Plaintiff's equal protection claim based on the denial of a prison job and good-time credits will be dismissed for failure to state a claim upon which relief may be granted.

*Legal materials*

Plaintiffs also allege that they were denied access to legal materials and that DCDC does not have a law library. In order to state a viable claim for interference with access to the courts under the First Amendment, Plaintiffs must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also*

3

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id.* (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Further, the Supreme Court has strictly limited the types of cases for which there may be an actual injury. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). The Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiffs do not allege what type of claim they sought to bring, that the underlying action asserted a non-frivolous claim, or any actual injury. Therefore, they fail to state a First Amendment claim.

Moreover, Plaintiffs do not state a viable due process claim relating to access to legal materials or a law library. Without injury from the alleged lack of legal materials or law library, Plaintiffs do not have standing to bring a due process claim. *See Bradley v. Mason*, 833 F. Supp. 2d 763, 773 (N.D. Ohio 2011). "Furthermore, the lack of a law library does not per se deny the accused due process." *Id.* As Plaintiffs have stated no injury, Plaintiffs' due process claims fail to state a claim and will be dismissed.

*Conditions of confinement*

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)

Plaintiffs complain of overcrowding and being required to sleep on a thin mat. "[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). "'[E]xtreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. at 9). Plaintiffs have not alleged that overcrowding or sleeping on a thin mat "resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Id.* Nor have they alleged that they suffered any injury as a result. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.")

As to Plaintiffs' allegations that they are state inmates being housed with county inmates, while state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any

5

particular facility. *See Harbin-Bey v. Rutter*, 420 F.3d at 576; *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility). Therefore, Plaintiffs cannot state a cognizable claim based generally on being state inmates housed in a county facility.

Therefore, Plaintiffs' claims concerning the conditions of their confinement will be dismissed for failure to state a claim.

**IV.**

As the complaint fails to state a constitutional violation, Plaintiffs' claims against Defendant Osborne in his individual and official capacities and against the KDOC will be dismissed. The Court will enter a separate Order dismissing the action.

Date: April 14, 2014

                                             **Joseph H. McKinley, Jr., Chief Judge**
                                             **United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4414.010